

William J. Downes – Attorney
225 Broadway, 39th Floor
New York, NY 10007
P: (212) 595-6200
F: (212) 595-9700
wdownes@mizrahikroub.com

March 15, 2023

<u>**VIA ECF**</u>

The Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007



Re:   *Feliz v. Andra Group LP*; <u>Case No. 1:23-cv-0163 (KPF)(OTW)</u>

Dear Judge Failla:

    We represent plaintiff Roberta Feliz ("Plaintiff") in the above-referenced action and write to respectfully request an adjournment of both the initial pretrial conference ("IPTC") – currently scheduled for March 22, 2023 at 2:30 p.m. – and an adjournment of the date for preconference submissions.  Unfortunately, defendant Andra Group LP's ("Defendant") is actively evading service of the summons and complaint and its vice president of operations has informed Plaintiff that it refuses to retain counsel at this time, despite being made aware by the undersigned that appearing *pro se* in the S.D.N.Y. was not a viable option, as defendant is a corporation. Defendant's representative has attempted to negotiate a settlement with the undersigned, but, regrettably, the parties are at an impasse.  Plaintiff has engaged in these settlement negotiations in good faith, but Defendant has not – its pugnacious vice president has insulted Plaintiff's counsel on numerous occasions and has otherwise acted obnoxiously.

    Although Defendant's behavior is unbecoming, it is not surprising.  The company has actively evaded service notwithstanding Plaintiff's process server's diligent efforts and numerous attempts.  The process server attempted to effectuate service on or around February 1, February 3, February 21, and March 6, 2023, at three addresses associated with Defendant.  On each occasion, the servers were refused entry to the "secured premises" (Defendant sells women's apparel) and were told that Defendant's representatives refused to take the documents.  Although Plaintiff has until April 7, 2023 to effectuate service, and is diligently exploring its alternatives to personal service, the actions of Defendant clearly indicate a conscious effort to delay this case unnecessarily.

    Nevertheless, Defendant is clearly aware of the complaint and the allegations against it. On January 11, 2023 (three days after the complaint was initially filed), Mr. Randy Cohen, Vice President of Operations, reached out to the undersigned to discuss early resolution of this matter. Since then, Plaintiff's counsel and Defendant (who has, to date, refused to hire counsel) have

Hon. Katherine Polk Failla
March 15, 2023
Page 2

engaged in lengthy and protracted confidential settlement discussions via phone and email. However, these discussions have reached an impasse.

Plaintiff respectfully requests that the Court adjourn the upcoming initial pretrial conference, adjourn the date for IPTC submissions, and mandate that Defendant retain counsel. *See, e.g.*, *Josue Paguada v. Kymera Body Board LLC*, 1:22-cv-01093 (GHW) Docket No. 9, (S.D.N.Y. Apr. 11, 2022) (adjourning the initial pretrial conference and ordering *pro se* defendant to retain counsel).

With respect to service of process, Plaintiff respectfully requests that the Court permit alternate methods of service. Should Defendant be served, yet refuse to file an answer timely, or refuse to retain counsel, Plaintiff intends on moving for default judgment. *See Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 192 (2d Cir. 2006) ("where a corporation repeatedly fails to appear by counsel, a default judgement may be entered against it pursuant to Rule 55, Fed R. Civ. P.") *see also Wilen v Alternative Media Net, Inc.*, 74 U.S.PQ. 2d (BNA) 1053, U.S. Dist. LEXIS 1034 (S.D.N.Y. Jan. 25, 2005) (enforcing default due to defendant corporation's unwillingness to answer complaint, attend court scheduled conference and to obtain counsel).

We thank the Court for its consideration of the above requests.

Respectfully submitted,
*/s/ William J. Downes*
WILLIAM J. DOWNES

cc:     All Counsel of Record (via ECF)

```
Application GRANTED IN PART.  The Court extends Plaintiff's time
to effectuate service on Defendant until April 20, 2023, and
denies Plaintiff's motion for alternate service without prejudice
as to its renewal.  On or before April 24, 2023, Plaintiff shall
file a letter updating the Court on the status of service.  If
Plaintiff wishes to renew her motion for alternative service at
that time, she should detail the "alternatives to personal
service" already attempted and propose a specific method of
alternate service.

The initial pretrial conference currently scheduled for March 22,
2023 is hereby ADJOURNED pending further order of the Court.

Because Defendant has not yet been served, the Court will not
order Defendant to retain counsel at this time.  Defendant is
advised, however, that corporations may not appear pro se in
federal court, see Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir.
1997),  and that if Defendant fails to appear after being served,
it risks default.
```

The Clerk of Court is directed to terminate the motion at docket entry 8.

Plaintiff is directed to serve a copy of this Order on Defendant.

                                                SO ORDERED.

Dated:    March 17, 2023  
            New York, New York

                                          HON. KATHERINE POLK FAILLA  
                                          UNITED STATES DISTRICT JUDGE